No. 734

VAN NOSTRAN et v. LEUBITZ

Ohio Appeals, 5th Dist., Stark Co.

No. 668. Decided Oct. 1, 1925.

First Publication of this Opinion.

257. COMMISSIONS—For sale of Real Estate.—Where agent procures purchaser for real estate who later withdraws from contract of purchase, such agent stating, that in his opinion, purchaser had sufficient money several days before contract was entered into, to go through with deal, this opinion of agent does not fall within meaning of fraud, so as to deprive agent of his commission. (Carey v. Conn, 107 OS. 133, followed.)

Error to the Common Pleas Court.
Judgment affirmed.

Turner, Ake & Abt, Canton, for Van Nostran.

Amerman & Mills, Canton, for Leubitz.

SHIELDS, J.

Joseph Leubitz brought an action in the Stark Common Pleas against Howard Van Nostran, et al. to recover a commission for securing a purchaser for certain real estate belonging to Van Nostran and others. It was claimed that the purchaser deposited with Van Nostran, $100 as part of the purchase price of said real estate.

Van Nostran averred that Leubitz offered to find a purchaser ready, willing and financially able to buy the property; but that he produced one Silberman, and that the representations of Leubitz in respect to Silberman being financially able to purchase said real estate were false and untrue, and since Silberman had not carried out his contract of purchase, there is nothing due Leubitz in the way of commission.

The court overruled Von Nostran's motion for a directed verdict but sustained the motion of Leubitz for a directed verdict in his favor.

Van Nostran, having entered into said contract with Silberman, the question arises, was he persuaded and induced by any fraud, to sign and enter into said contract, Considerable evidence as to the financial ability of Silberman was introduced under this subject.

Leubitz, on cross examination, denied having told Van Nostran that Silberman had sufficient money to go through with the deal. It is apparent that Leubitz represented to Van Nostran, that Silberman had sold property for which he had received some $6,000 as his equity therein; but nothing appears in the record as to what the equity was—whether a conveyance of real estate, or for the payment of an original mortgage, or for one held by transfer or otherwise.

The naked opinion of Leubitz that Silberman had this amount of money several days

before this contract was entered into, Silberman afterward declining to carry out said contract, does not fall within the meaning of fraud as defined in the case of Carey, Admr. v. Conn, 107 OS. 133.

There was a failure to show such a condition of things that amounted to fraud on the part of Leubitz and the court was justified in directing a verdict for Leubitz.

(Houck and Farr, JJ., concur.)